**EXHIBIT E**

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EXTENET SYSTEMS, INC.,<br><br>　　　　　　Plaintiff,<br>vs.<br><br>THE TOWN OF HULL and THE TOWN OF HULL BOARD OF SELECTMEN, and DOMENICO SESTITO, GREG GREY, JOHN D. REILLY, KEVIN RICHARDSON, and JENNIFER BERARDI-CONSTABLE, in their capacities as members of the TOWN OF HULL BOARD OF SELECTMEN<br><br>　　　　　　Defendants. | Docket No. 1:20-cv-10394-WGY |

## SETTLEMENT AGREEMENT DOCUMENTATION

### SUBJECT TO FRE 408
*For Settlement Purposes Only*

## I.　　SETTLEMENT AGREEMENT.

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is made this ___ 6th day of ___ July ___, 2020, by and among ExteNet Systems, Inc. ("Plaintiff" or "ExteNet") and the Town of Hull (the "Town"), Town of Hull Board of Selectmen, and Domenico Sestito, Greg Grey, John D. Reilly, Donna Pursel, and Jennifer Berardi-Constable, in their capacities as members of the Town of Hull Board of Selectmen (the "Board"), and not individually (collectively, the "Defendants"). All of the above parties shall be collectively referred to herein as the "Parties."

WHEREAS, pursuant to the Federal Telecommunications Act of 1996, 47 U.S.C. §253 and 47 U.S.C. §332 ("TCA"), ExteNet timely commenced a civil action in the United States District Court for the District of Massachusetts, Civil Action No. 20-10394-WGY, (the "Litigation") appealing the Board's January 27, 2020 denial of ExteNet's September 26, 2019 Applications, as supplemented on November 26, 2019, for access to the Town's public rights-of-way to install, operate, and maintain three small wireless facilities.

WHEREAS, the three Small Wireless Facilities for which ExteNet sought authorization are located at (each individually a "Site" and collectively the "Sites"):

- ExteNet Node 10, Pole No. 10, located at:
  Beach Avenue and "R" Street
  42.301722° N, 70.882015°W;

- ExteNet Node 11, Pole No. 28, located at:
  Beach Avenue and Warren Street
  42.286909° N, 70.872317°W; and,

- ExteNet Node 12, Pole No. 56, located at:
  Beach Avenue and "B" Street
  42.293409° N, 70.876638°W.

WHEREAS, ExteNet has represented to the Board that ExteNet has entered into a contract with Verizon Wireless (the "Customer") to build and maintain the Sites on the Customer's behalf;

WHEREAS, ExteNet has represented to the Board that it will own the Small Wireless Facilities at each site and lease them to the Customer for provision of wireless services, including without limitation, personal wireless services from the sites.

WHEREAS, both the First Circuit and this Court have encouraged settlement between wireless providers and municipal boards in appropriate circumstances. See Brehmer v. Planning Board of the Town of Wellfleet, 238 F.3d 117, 121 (1st Cir. 2001) (concluding that, in cases under the Federal Telecommunications Act of 1996, it is "not unreasonable for the board to settle with the applicant on the terms most favorable to the town" and that such settlements "are fully consistent with the TCA's aims"); Town of Amherst, New Hampshire v. Omnipoint Communications, 173 F.3d 9, 16-17 (1ˢᵗ Cir. 1999) ("[I]t is in the common interest of [zoning boards] and [telecommunications companies] to find ways to permit the siting of towers in a way most congenial to local zoning"); Patterson v. Omnipoint Communications, Inc., 122 F. Supp.2d 222, 228 (D. Mass. 2000) (in appropriate circumstances, "it behooves that board to settle with the Plaintiff company on the most favorable terms possible; rather than spend more on litigation, with the potential to receive less favorable terms from a judgment"); and

WHEREAS, the Parties wish to avoid further expense in connection with the Litigation and, without any admission of fact, law or liability, the Parties now desire to settle the Litigation and compromise all allegations made in the matters at issue in the Litigation, subject to and on the terms set forth herein;

NOW THEREFORE, the Parties, through their counsel, stipulate and agree that:

1.      The Board shall hold a hearing on ExteNet's Grant of Location application for each of the Sites, at the first regularly scheduled public hearing for which the required proper

notice can be given, after its receipt of the documents set forth in Paragraph 4 below (the "Hearing").

2.      The Hearing shall incorporate all information previously filed with the Board in connection with ExteNet's September 26, 2019 Applications, as supplemented on November 26, 2019 and as supplemented by the documents set forth in Paragraph 4 below, for Access to the Rights-of-Way in Hull, Massachusetts.

3.      The Parties agree that pursuant to the terms of this Agreement and in settlement of the Litigation, so long as ExteNet provides the information required in Paragraph 4 below, the Board shall approve ExteNet's applications for each of the Sites, and that the approval for each Site will be conditioned upon compliance with Paragraph 5 herein. As a condition of holding the hearing or approving the Sites in accordance with this Agreement, the Board shall not require the submission of new applications for the Sites, filing fees, nor any additional information not expressly required as set forth herein.

4.      Before the Board schedules the Hearing, ExteNet agrees to provide the following documents to the Board in connection with each its proposed Sites:

        a.  A Radio Frequency Emissions Report that confirms for each Site, using "far field" analysis and the correct distances and angles for measuring the closest inhabited spaces near each Site, that the Site will not exceed the applicable current Maximum Permissible Exposures (MPE) as adopted by the Federal Communications Commission (FCC) as such may be amended or replaced by the Federal Communications Commission (hereinafter, the "FCC Guidelines") if the Site is built out to transmit at 320 watts;

3

    b.  A redacted copy of ExteNet's current contract with Customer sufficient to demonstrate that ExteNet is contractually obligated to construct the three proposed Sites for Customer's use and that Customer is obligated to use such Sites if constructed by ExteNet; and

    c.  Certification by a qualified professional or structural engineer that ExteNet's construction of the three new nodes complies with the engineering standards specified in Article 6.f of the Town of Hull SWF Wireless Facilities and Similar Structures Policy, Rules and Regulations and any other applicable structural standards set by Extenet's agreement with the Hull Light Department.

5.    The Board's written decision approving each Site (collectively, the "Approvals") shall include a condition that:

    a.  Prior to construction of each Site, ExteNet shall provide to the Board a study and report by a qualified noise engineer that demonstrates that the proposed Site, if operating with 320-Watt amplifiers, will comply with the noise limits set by the Commonwealth of Massachusetts Noise Pollution Policy Interpretation.  Approval of a Grant of Location will be conditioned on review and approval by the Town's engineer of ExteNet's engineer's noise study. The field testing by ExteNet's engineer must capture low-noise conditions; and

    b.  In the event that changes, modifications or alterations to any Site or Sites are made that would affect the Radio Frequency Emissions from such Site(s), ExteNet further agrees to provide to the Board an updated

4

Radio Frequency Exposure Report demonstrating that the Site, as

modified, complies with then current FCC Guidelines.

6.      The Parties agree that no conditions not expressly set forth in this Agreement shall be

included in the approval for each Site.

7.      If necessary, the Parties agree to file a mutually-agreeable Joint Motion to Stay the

Litigation in order to allow:

        a.      ExteNet to provide the information required in Paragraph 4 and

           Paragraph 5(a) of this Agreement;

        b.      The Board to hold the Hearing as required by Paragraph 4 of this

           Agreement; and

        c.      The expiration of any and all appeal periods for the Approvals.

8.      Upon the expiration of any and all appeal periods for the Approvals, without an appeal

being filed, the Parties shall file Voluntary Stipulation of Dismissal **attached** as **<u>Exhibit</u>**

**<u>A.</u>**

9.      The parties waive all rights of appeal of the Board's Approvals under this Agreement and

each party shall bear its own costs, fees and expenses.

10.     All references to ExteNet, the Applicant or the Plaintiff in this Agreement shall include

its parents, subsidiaries, members, successors, assigns and affiliates.

11.     The Parties acknowledge and agree that they have entered into this Agreement on the

advice of counsel, voluntarily, and not as a result of any promise or representation and

not as a result of any duress or coercion by any person or entity.

12.     This Agreement constitutes the complete understanding among the Parties with respect to

the Litigation and subject matter hereof and supersedes any and all prior agreements,

promises, or inducements, no matter what form, concerning its subject matter. No promises or agreements made subsequent to the execution of this Agreement by the parties shall be binding unless reduced to writing and signed by an authorized representative of the party to be charged.

13. The Parties have participated jointly in the preparation of this Agreement, and each party has had the opportunity to review, comment upon and revise this Agreement with the benefit of counsel. Accordingly, it is agreed that no rule of construction shall apply against any party or in favor of any party, and any uncertainty or ambiguity shall not be interpreted against any party and in favor of another.

14. This Agreement has been deemed to be made and entered into in the Commonwealth of Massachusetts, and shall in all respects be interpreted, enforced and governed under Massachusetts law by the United States District Court for the District of Massachusetts.

15. This Agreement shall inure to the benefit of, and be binding upon, the Parties to this Agreement and each of their respective members, officers, directors, shareholders, trustees, beneficiaries, insurers, agents, employees, attorneys, predecessors, parents, subsidiaries, successors and assigns.

16. This Agreement shall become effective when executed by all the Parties and may be executed in counterparts, any one of which shall be deemed to be an original instrument. Any proof of the Agreement shall require production of only one such counterpart duly executed by the party to be charged therewith.

Plaintiff,
EXTENET SYSTEMS, INC.

Defendants,
TOWN OF HULL, TOWN OF HULL
BOARD OF SELECTMEN, AND
DOMENICO SESTITO, GREG GREY,
JOHN D. REILLY, DONNA PURSEL AND
JENNIFER BERARDI-CONSTABLE, IN
THEIR CAPACITIES AS MEMBERS OF
THE TOWN OF HULL BOARD OF
SELECTMEN

By: *Michael A. Hill*
Title: *ASST. GENERAL COUNSEL*

By: Jennifer Berardi-Constable
Title: Chair, Hull Board of Selectmen

Duly Authorized by vote of the Board of
Selectmen on June 25, 2020

7